FILED
Clerk
District Court

AUG 10 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

IN THE MATTER OF THE SEIZURE OF   )
                                  )
(1) UNITED STATES CURRENCY        )   AFFIDAVIT IN SUPPORT OF SEIZURE
IN ACCOUNTS #0079-005614 HELD     )   WARRANTS
IN THE NAME OF DELTA              )
MANAGEMENT INC,                   )
#80000062481-1 HELD IN THE        )
NAME OF BGK CORPORATION,          )
ALL CURRENCY IN THE NAME OF       )
LING LING NI,                     )   MC 05 - 00117
BANK OF HAWAII, SAIPAN, CNMI;     )
                                  )
(2) UNITED STATES CURRENCY        )
IN ACCOUNT #12015976 HELD IN      )
THE NAME OF BGK                   )
CORPORATION, ALL CURRENCY         )
HELD IN THE NAME OF DELTA         )
MANAGEMENT INC., AND LING         )
LING NI,                          )
FIRST HAWAIIAN BANK, SAIPAN       )
                                  )
(3) ALL CURRENCY IN ACCOUNT       )
#0500-207727 HELD IN THE NAME OF  )
LING LING NI,                     )
ACCOUNT # 0530-201720 HELD IN THE )
NAME OF XIFU CAO,                 )
ACCOUNT # 0500-110754 HELD IN THE )
NAME OF DELTA MANAGEMENT INC.,    )
DOING BUSINESS AS GLORY MARKET    )
BANK OF SAIPAN, SAIPAN CNMI       )

     I, DANA M. MCMAHON, being duly sworn and under oath, hereby depose and state as follows:

     1.    I am a Special Agent of the Federal Bureau of Investigation ("FBI") and have more than fifteen years investigative experience investigating white collar crime matters. During my career with the FBI, I have conducted and assisted in numerous investigations of white collar crime, with an emphasis on bank fraud, health care fraud and money laundering investigations. I have received extensive classroom and on the job training in the detection and investigation of white collar

fraud schemes. I am also familiar with mail fraud and wire fraud schemes. I am a Special Agent Accountant and hold a Bachelor of Science degree in Accounting and Finance. I am currently assigned to the Saipan Resident Agency of the Honolulu Division of the FBI and investigate white collar crime matters.

2. I make this affidavit based on my personal knowledge and information furnished to me by other law enforcement personnel. Since this affidavit is being submitted for a limited purpose, I have not included each and every fact that I have learned during the course of my investigation. Unless otherwise indicated, all actions, statements and conversations that I have recounted in this affidavit are related in substance and in part.

## PROPERTY TO BE SEIZED

3. This affidavit is made in support of an application for seizure warrants for the following bank accounts:

a. all currency in account #0079-005614 and #8000006248-1, held in the name of Delta Management Inc., doing business as Glory Market and BGK Corporation doing business as Seoul Market, Bank of Hawaii, CNMI;

b. all currency in accounts held with the account holder of Delta Management Inc., BGK Corporation or Ling Ling Ni at the First Hawaiian Bank, Saipan, CNMI to include account number 12015976.

c. all currency in accounts # 0500-207727 held in the name of Ling Ling Ni, account # 0530-201720 held in the name of Xifu, Cao, account # 0500-110754 held in the name of Delta Management Inc., doing business as Glory Market.

4. There is probable cause to believe that the funds in said bank accounts were derived from proceeds traceable to violations of a specified unlawful activity, specifically, proceeds traceable to violations of 18 U.S.C. § 641 (Public money, property or records). As such, the funds in the bank accounts are subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), as

2

amended by the Civil Asset Forfeiture Act of 2000 ("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202 (2000). CAFRA became effective on August 23, 2000.

## JURISDICTION TO ISSUE OUT-OF-DISTRICT WARRANT

5. Section 981(b)(3) of Title 18, United States Code, as amended by CAFRA, now explicitly provides jurisdiction for the issuance of seizure warrants for property located in other districts. This statute provides as follows:

> Notwithstanding the provisions of rule 41(a) of the Federal Rules of Criminal Procedure, a seizure warrant may be issued pursuant to this subsection by a judicial officer in any district in which a forfeiture action against the property may be filed under section 1355(b) of title 28, and may be executed in any district in which the property is found ,...

6. Issuance of the seizure warrant in this district is appropriate under the above statute, as this is the district "in which ... the acts or omissions giving rise to the forfeiture occurred," 28 U.S.C. § 1355(b)(1)(A). As provided in 18 U.S.C. § 981(b)(3), the warrant may be "executed in any district in which the property is found."

## SUMMARY OF PROBABLE CAUSE

7. There is probable cause to believe that the funds in the bank accounts of Delta Management Inc., doing business as Glory Market and BGK Corporation doing business as the Seoul Market, Ling Ling Ni, and Xifu Cao at the Bank of Hawaii, First Hawaiian Bank, and the Bank of Saipan were obtained fraudulently.

8. On August 4, 2005, SA McMahon met with Walter Macaranas, Administrator of the Nutrition Assistance Program (NAP) (Food Stamp Office) and his managerial staff to discuss a fraud scheme. Macaranas stated that the July 2005 reconciliation for the food stamp program had been completed and the program had suffered a $248,097.00 loss. Macaranas stated that the loss was due to the fact that counterfeit food stamp coupons had been redeemed by the Bank of Guam, the redeeming bank for the United States Department of Agriculture. Macaranas provided two redemption certificates to writer from Delta Management Inc., doing business as Glory Market from the Bank of Saipan with account number 0500-110754 signed by Ling Ling Ni and BGK Corporation

doing business as Seoul Market from the Bank of Hawaii with account number 0032-052819 also signed by Ling Ling Ni.

9. A review of the food stamp deposits for the month of July 2005 from the Glory Market account revealed the following:

April 2005  received $4,614.00

May 2005  received $4,414.00

June 2005  received $4,600.00

July 2005  received $200,660.00

10. A comparison was also made with the Seoul Market food stamp redemption:

April 2005 $561.00

May 2005 $830.00

June 2005 $874.00

July 2005 $69,930.00

11. On August 5, 2005, SA McMahon met with Edward C. Pinaula, Operations Manager of the Bank of Saipan. Pinaula provided to writer the account history of Delta Management Inc., and Ling Ling Ni. Delta Management Inc., opened their account at the Bank of Saipan on May 19, 2005. Delta Management Inc., has the account number of 0500-110754 and the authorized signature is Ling Ling Ni, Store Manager. July is the first time Delta Management deposited food stamps using the above referenced account at the Bank of Saipan.

12. In order for Delta Management Inc., to be redeemed by the Bank of Saipan for food stamps they are required per bank policy to have an open account at the bank. Pinaula stated when the bank of Saipan received the deposits from Delta Management Inc., the only items for deposit were the food stamp coupons. The deposit did not contain cash, checks, and credit card items that are usually in daily deposits from retail stores.

4

13. A review of the credits from the Delta Management Inc., account # 0500-110754 show outgoing checks to Ling Ling Ni as follows:

| DATE | Check Number | Amount of Check |
| --- | --- | --- |
| 7/14/05 | 116 | $4,000.00 |
| 7/14/05 | 117 | $8,000.00 |
| 7/18/05 | 128 | $5,000.00 |
| 7/20/05 | 133 | $7,000.00 |
| 7/21/05 | 138 | $8,000.00 |
| 7/22/05 | 140 | $3,000.00 |
| 7/22/05 | 139 | $9,000.00 |
| 7/25/05 | 142 | $4,000.00 |
| 7/25/05 | 141 | $9,000.00 |

Ling Ling Ni received $57,000.00 from the food stamp deposits in a period of eleven days. The monthly food stamp deposits from July 5 through July 28, 2005, were approximately $211,001.00, and the withdrawals for the same time period were $209,350.00. Two of the checks during this time frame were written to Delta Management Inc., and deposited into the Bank of Hawaii account number 0079-005614. Seven checks during this time period were written to Xifu Cao for the amount of $23,500.00. Approximately $3,000.00 was deposited into the Bank of Saipan account number 0530-210720.

14. Juan T. Dela Cruz, Special Federal Officer, checked the Border Management System on August 8, 2005, and determined that Ling Ling Ni departed the Island of Saipan on July 26, 2005 in route to China. The last check written by Ling Ling Ni was July 25, 2005.

15. Macaranas provided a letter to writer dated July 19, 2005, addressed to the Food Stamp Office by Ling Ling Ni. The letter states that BGK Corporation requests to add the Bank of Hawaii to their already existing First Hawaiian

Bank account for redemption of food stamps. The redemption certificate list account number 0032-052-819 from the Bank of Hawaii.

16. Pursuant to a Federal Grand Jury Subpoena served on Bank of Hawaii on August 5, 2005, information was provided to SA McMahon, that one of the Delta Management Inc., accounts was closed that same day at 2:30 p.m.

17. Pursuant to a Federal Grand Jury Subpoena served on First Hawaiian Bank on August 5, 2005, information was obtained that BGK Corporation has account number 12015976.

18. There is also probable cause to believe that the funds in said bank accounts were involved in a fraud scheme in violation of 18 U.S.C. § 641. As such, the funds in the bank account are subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

19. Due to the fact that electronic funds are easily moved and the fact that Ling Ling Ni is not a United States citizen, a protective order under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the property for forfeiture. Accordingly, the Government is seeking a warrant of seizure pursuant to 21 U.S.C. § 853(f) for the aforementioned accounts.

## CONCLUSION

20. Based on the above facts and circumstances, I believe that there is probable cause to believe that the aforementioned bank accounts contain proceeds of interstate and foreign transportation of persons in execution of a scheme to defraud, which are subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

6

_____
DANA M. MCMAHON
Special Agent, Federal Bureau of Investigation

Subscribed and sworn to before me this 9th day of August, 2005.

_____
ALEX R. MUNSON
United States District Judge